FREDERICK UHLMANN, PLAINTIFF, *against* THE NEW YORK LIFE INSURANCE COMPANY, Defendant.

(Decided January 16th, 1885).

Policies of life insurance upon a ten-year dividend system provided that all surplus or profits derived from such policies on that system as should cease to be in force before the completion of their respective ten-year dividend periods should be apportioned equitably among such policies of the same class as should complete their ten-year dividend periods; and that the ten-year dividend, when made, should be applied to the purchase of an annuity bond, or, at the request of the assured, the value of such bond should be paid to him in cash. *Held*, that a holder of such a policy could not, upon the expiration of the ten-year dividend period, compel an accounting by the insurance company to ascertain the amount of the annuity bond to which he was entitled. The relation between the parties was not of a fiduciary character, such as would sustain an action for an accounting, but rested in contract; under the contract it was for the company to determine the surplus and make the apportionment, and the assured had no right, as a creditor, to an account, since the relation of debtor and creditor did not exist until after the settling of the account and the declaration of a dividend; and having no right to interfere in the account, he was not entitled to invoke the exercise of equitable jurisdiction merely because a complicated account was necessary to ascertain and apportion the surplus.

MOTION for a new trial made at the General Term after entry of an interlocutory judgment.

The plaintiff was the holder of a life insurance policy, dated December 29th, 1871, issued by the defendant. This policy was upon what is called the ten-year dividend system. Upon completion of the ten-year period, December 29th, 1881, the plaintiff became entitled to certain benefits thus described in the policy: " All surplus or profits derived from such policies on the ten-year dividend system as shall cease to be in force before the completion of their respective ten-year dividend periods shall be apportioned equitably among such policies of the same class as shall complete their ten-year dividend period. The ten-year dividend when made shall be applied to the purchase of an annuity on and

to continue during the life of the party insured under this policy, and for which the company will issue an annuity bond, and the first payment of such annuity shall be due one year after the termination of the ten-year dividend period, provided that should the party assured under this policy request it in writing within thirty days from the termination of such ten-year dividend period, the company will pay the value of the bond in cash to Frederick Uhlmann or assigns at the date the first payment under such annuity bond shall be due."

Upon the expiration of ten years from date of policy, the defendant notified plaintiff that he was entitled to an annuity bond or its value in cash, $790.77. Instead of accepting either the bond or money, the plaintiff demanded an account showing how the amount was fixed, which the defendant declined to furnish.

The plaintiff filed this bill praying a decree for an accounting and the issuing to him of an annuity bond for the sum he might appear entitled to, or payment of its value in cash.

The court below, by interlocutory decree, directed an accounting before a referee. The defendant, upon all the proceedings, moved for a new trial or such other or further relief as might seem just, under the provisions of section 1001 of the Code of Civil Procedure.

*Wm. B. Hornblower*, for defendant.—The relations of a policy-holder to a mutual insurance company are not those of a cestui que trust to a trustee, but those of a contracting party to another contracting party. This proposition is no longer open to question in this court (*Taylor* v. *Charter Oak Life Ins. Co.*, 9 Daly 489; *Hencken* v. *United States Life Ins. Co.*, 16 N. Y. Weekly Dig. 44; *Verplanck* v. *Mercantile Ins. Co.*, 1 Edw. Ch. 84; *People* v. *Security Life Ins. Co.*, 78 N. Y. 114; *Bewley* v. *Equitable Life Assurance Soc.*, 61 How. Pr. 346; *Cohen* v. *New York Mutual Life Ins. Co.*, 50 N. Y. 610; *St. John* v. *American Mutual Life Ins. Co.*, 13 N. Y. 31; *Jones* v. *New York Life Ins. Co.*, MS. opinion

by BEACH, J., N. Y. Supreme Ct. Sp. Term, November, 1880).

The policy-holders insured under the " Ten-year dividend system " occupy no different relation to the company from that occupied by other policy-holders. This is a mutual insurance company. All policy-holders share in the surplus or profits of the company by way of dividends. These dividends are declared annually, and apportioned among the policy-holders. But in the case of the " Ten-year dividend " policies the holders of .such policies waive their right to an annual dividend, and at the expiration of the ten-year dividend period, if their policies are still in force, they receive the benefit of the surplus or profits arising from the policies of the same class which have in the meantime lapsed or expired.. But this does not create any trust relations between the parties. It is merely a special form of the ordinary contract relation between the insured and insurer (*Bogardus* v. *The New York Life Ins. Co.*, lately decided by this court).

If one policy-holder has a right to demand an account, then every other policy-holder has the same right; and the company would be continually called upon to render detailed statements to each policy-holder. It would be impossible for an insurance company to carry on business under such circumstances. The time of its clerks and bookkeepers would be taken up in making transcripts of its books for the purpose of satisfying inquiring policy-holders (Opinion of BEACH, J., in *Jones* v. *New York Life Ins. Co.*, *supra ; Karnes* v. *Rochester &c. R. R. Co.*, 4 Abb. Pr. N. S. 107 ; *Luling* v. *Atlantic Ins. Co.*, 45 Barb. 510).

The right to an accounting is dependent ordinarily and with few exceptions upon some equitable relation between the parties, such as that of a trust or agency or partnership (See *Root* v. *Railway Co.*, 105 U. S. 189 ; *Salter* v. *Ham*, 31 N. Y. 321 ; *Hazard* v. *Hazard*, 1 Story C. Ct. 371 ; *Smith* v. *Laveaux*, 2 DeG., J. & S. 1 ; *Foley* v. *Hill*, 2 H. L. Cas. 28).

There are some cases which appear to hold that the right to discovery is sufficient to give jurisdiction to entertain a

bill for an account. But in the case of *Foley* v. *Hill* (2 H. L. Cas. 28), it was held that the relation of banker and depositor was not one of trust, and hence equity would not entertain a bill for an account. It was also held that the right to a discovery was not sufficient to give jurisdiction to entertain a bill for account. *A fortiori* must this be true under our Code practice, the suit for discovery being expressly abolished. Section 1914 of the Code of Civil Procedure abolishes the action for discovery. Hence a party cannot now base his right to sue in equity upon any alleged need of discovery. If he have not an equitable cause of action, he must sue at law and apply for a discovery by motion (See 1 Pomeroy's Equity Jurisprudence, 237). The cases, therefore, which hold that a court of equity, having obtained jurisdiction for the purpose of discovery, will go on and decree an accounting, must be held to be obsolete.

The main ground, however, upon which the trial judge directed an accounting was that the "complication of the accounts" necessitated a suit in equity for an accounting. To this we answer:—

It was always doubtful whether this, of itself, was sufficient to justify a resort to equity, where there was no other ground for equitable jurisdiction, and where the accounts were not mutual.

There are cases holding distinctly that the complicated nature of the accounts is not sufficient to give a court of equity jurisdiction of an accounting, especially where the accounts are not mutual (See *Phillips* v. *Phillips*, 9 Hare 471; *Norwich & Worcester R. R. Co.* v. *Story*, 17 Conn. 364; *Hipp* v. *Baber*, 19 How. Pr. 271; *Ellis* v. *Davis*, 109 U. S. 493).

The method of trial by a referee, as established in this state, renders a resort to equity for an accounting, on the ground that the accounts are complicated, no longer a sufficient reason (*Marvin* v. *Brooks*, 94 N. Y. 71).

Even if a bill for an account can be entertained solely because the accounts are complicated, yet it is discretionary with the court to entertain such a bill (as all the cases show)

and not a matter of right as in cases of trust. And surely, no case has been made out here for the exercise of such discretion in favor of plaintiff (*North Eastern R. Co.* v. *Martin*, 2 Phil. 758; *Phillips* v. *Phillips*, 9 Hare 471; *Bliss* v. *Smith*, 34 Beav. 508). If the plaintiffs had shown, even presumptively, that the defendant had been guilty of any wrong or breach of contract, then this court might, perhaps, decree an accounting on the ground that the accounts were complicated, but no wrong having been shown this ground of equity jurisprudence cannot be invoked. The court will certainly not order an account without at least sufficient proof to raise a presumption that the defendant has not done its duty. There must be some apparent wrong shown to set the machinery of a court of equity in motion. If no wrong appears to have been done, there is no necessity shown for equitable interference.

The learned trial judge assumed in his opinion that plaintiff had a cause of action, and that the only question was whether he had a remedy in equity by an accounting, or should have sued at law for breach of contract. But we insist that no cause of action, either at law or in equity, has been established. No breach of contract has been shown, even presumptively. The only obligation on the part of the defendant was to issue an annuity bond. There is no allegation or proof that the defendant did not issue such a bond and has not been at all times ready to deliver it on proper demand. There is nothing in the policy calling for a statement of account or requiring the company to furnish one; and, as was held by the General Term in *Bogardus* v. *New York Life Ins. Co. (supra)*, a provision not found in the policy cannot be imported into it by parol. The trial judge, therefore, erred in holding that " there is no doubt that the defendant owes a debt to the plaintiff, and the only matter in dispute is the amount of indebtedness." The defendant denies owing any *debt* to the plaintiff, and the admissions of the plaintiff show that no *debt* is owing him. The only obligation of the defendant is to deliver an annuity bond, and

this the defendant has never refused to do; but on the contrary, the plaintiff has refused to accept it.

The contract contained in the policy does not provide for any account to be rendered to the policy-holder. He trusts to the integrity and good faith of the officers of the company. If they are guilty of mismanagement or bad faith, they are liable to removal.

The charter of the company confines to the board of trustees of the company the power to declare and to apportion the dividends. The policy-holder in taking his policy, therefore, agrees to be bound by the action of the trustees in this particular (See L. 1841 c. 209, incorporating The Nautilus Insurance Company, whose name was subsequently changed to the New York Life Insurance Company; L. 1843 c. 207; L. 1842 c. 287; L. 1849 c. 211; and L. 1872 c. 100).

*Blumenstiel & Hirsch*, for plaintiff.—The opinion of the learned judge who tried the cause proceeds on the theory that the defendant owes a debt to the plaintiff, and the amount thereof only is in dispute; that "both parties agree that the amount coming to the plaintiff can be ascertained only by an accounting of a highly complicated nature," and hence because this account is so complicated that a jury cannot act understandingly—cannot be properly adjusted in a court of law—the plaintiff is entitled to the relief prayed for. In addition to the authorities cited in the opinion, we beg to refer the court to the following adjudications: *Marvin* v. *Brooks*, 94 N. Y. 71; Willard's Equity, 90, 91, 92, citing 1 Maddox Ch. 71; *Porter* v. *Spencer*, 2 Johns. Ch. 169, 171; *Foster* v. *Williams*, 1 Paige 542; *Crosby* v. *Watts*, 41 *Super. Ct.* 208; 2 Van Santvoord's Equity, 194, 195; *Hathaway* v. *Russell*, 7 Abb. N. C. 145, 146; *Ludlow* v. *Simond*, 2 Caines Cas. 1; *Weymouth* v. *Boyer*, 1 Ves. Jr. 424; *Sturtevant* v. *Goode*, 5 Leigh 83; *Shepherd* v. *Brown*, 7 L. T. N. S.; *Hill* v. *South S. R. Co.*, 11 Jur. N. S. 192; *Badger* v. *McNamara*, 123 Mass. 117, 119; *Mackenzie* v. *Johnson*, 4 Maddox 373; *Pratt* v. *Tuttle*, 7 Mass. Law Rep. 16. See

also, in addition, *Foley* v. *Hill*, 2 H. L. Cas. 28 ; *Padwick* v. *Stanley*, 9 Hare 627 ; *Heming* v. *Pugh*, 4 Giff. 456 ; *Nixon* v. *Bright*, L. R. 4 Ch. 292; *Cooke* v. *Bethan*, 4 Jur. 957 ; *Taff Valley R. R. Co.* v. *Nixon*, 1 H. L. Cas. 111; and *Scott* v. *Liverpool Corporation*, 5 Jur. N. S. 105 ; *Padwick* v. *Hurst*, 18 Beav. 575 ; *Harrington* v. *Churchman*, 6 Jur. N. S. 576 ; *Bliss* v. *Smith*, 34 Beav. 508 ; *Kimberly* v. *Dick*, 41 L. J. Ch. 38 ; *Blyth* v. *Whiffin*, 27 L. J. N. S. 230, all on the doctrine that in complicated accounts an action in equity will lie.

Irrespective of the question of trust, under the contract relation between the plaintiff and defendant, he is entitled to an account also because of the fiduciary connection which the terms of this policy brought about. While the policy as to its life insurance portion is an ordinary contract, it creates a trust or fiduciary relation between the company and assured as respects the accumulation and distribution of the dividends. The company agrees substantially to preserve the dividends that may be earned and declared while the policies are running ; to take charge of those that belong to policies which do not complete the prescribed period, and at the end of ten years to apportion the surplus and profits equitably among the policy-holders who have completed the allotted time. Up to the end of the said period the policy has no surrender value whatever, either in cash or in a paid up policy. Now, irrespective of whether the account thus created is complex or intricate—by virtue of the fiduciary relation which is thus created—the plaintiff is entitled to an account : not as to whether the particular dividends which go to make up the fund were in themselves correctly calculated or determined, but as to what surplus and profits were in fact thus accumulated; what policies lapsed, who survived, the gross amount of the fund, etc., as prayed for in the complaint. The defendant agrees to collect certain moneys, and preserve and distribute them to the plaintiff and others. The time fixed by the agreement for the distribution having arrived, the plaintiff is not bound to accept the *ipse dixit* of the defendant, without a right to

items if he is not able to show fraud (*Marvin* v. *Brooks*, 94 N. Y. 71).

The defendant in the pleadings is charged as the receiver of moneys to which the plaintiff is in part entitled, and it is also shown by the complaint generally whence the moneys were obtained, so that the case is within *McMurray* v. *Rawson*, (3 Hill 59, 66).

Where the relation between a principal and an agent partakes of a fiduciary character, the court has jurisdiction and will direct an account though the receipts and payments are all on one side (*Hemings* v. *Pugh*, 4 Giff. 456).

The cases cited by appellant to establish that it is not a trustee, but simply bears the relation of a contracting party, are not applicable, and do not bear on the point involved in the case at bar. The cause of action here is entirely different. The defendant has accumulated certain sums of money by way of dividends that have been credited annually. The policy in respect to those dividends has matured and is payable. The defendant is in duty bound to pay over to plaintiff his share of such accumulations, either in cash or an annuity bond, and plaintiff asks for a statement merely of the items of debits and credits of these yearly accumulations.

The company, in this case, under the policy occupies a double capacity:

1st. As insurer of the plaintiff's life;

2d. As the custodian of the profits which have been annually earned by plaintiff's policy. Unlike ordinary policies, these dividends were credited to a certain account, could not be drawn until the expiration of ten years; until that period had arrived the party insured could not even demand to be informed of the amount of such dividends. They were not his; he had simply a contingent interest therein, liable to be fully vested in case he outlived the period.

As an insurer, the relation of a contracting party agreeing to pay a fixed sum may only exist; as an agent agreeing to hold and divide annual accumulations, it becomes a trus-

tee, entitled to furnish the details of the fund that may come into its hands.

BEACH, J.—[After stating the facts as above.]—The relation created between the parties to this action by the insurance policy is not fiduciary, but rests in contract. The reasons for this conclusion have heretofore been given by me in *Hencken* v. *United States Life Ins. Co.*, *Jones* v. *New York Life Ins. Co.*, and, if memory is not faulty, in *Bogardus* v. *New York Life Ins. Co.*, and, at Special Term, in *Taylor* v. *Charter Oak Life Ins. Co.* (9 Daly 489). I am not advised of this conclusion having been disturbed on appeal, and my opinion is unchanged. It is needful, then, to examine the contract to ascertain what are the rights of the plaintiff. In brief these are:

First. An equitable apportionment of all surplus or profits derived by the company from such policies, in the plaintiff's class, as shall have lapsed during the ten-year period.

Second. That the ten-year dividend may be applied by the plaintiff to the purchase of an annuity, for which the defendant will issue a bond, or, in a certain event, pay its value in cash.

The contract obligation of defendant is to equitably apportion the surplus or profits so derived, give the bond or pay the cash.

The reasonable and fair intendment of this instrument is that the company shall make apportionment, which is practically identical with declaring the ten-year dividend. The amount which became due the plaintiff is a dividend, and neither more nor less. The fund to be divided was surplus profits derived from lapsed policies. Neither by analogy to other corporations declaring dividends, or under any provision in the contract, is the plaintiff to have aught to do with determining the gross surplus or its apportionment. The defendant's obligation under the contract respecting the *declaration* of a dividend at the appointed time makes the case dissimilar to those adjudications where corporations were parties not bound by like contract. But the

principle applies to the *amount* of the dividend. Determination of amount is a duty confided to the company, and can only be questioned by plaintiff in an action alleging non-performance of contract obligation. There are no such allegations in this bill, but the plaintiff seems to suppose that ownership of the policy confers the right to investigate the company's business so far as needful to discover whether or not the sum for division has been correctly determined and the proper dividend declared.

With great deference, I am unable to adopt the view of the learned court below, that the defendant owes any debt to the plaintiff except until *after* the dividend has been declared. Until then, the relation of debtor and creditor does not exist. The plaintiff, therefore, can have no right as creditor to an account, because the settling of the account and the declaration of a dividend must precede and constitute him a creditor.

The other position of the learned court seems to me not tenable. It is, that because a complicated account is necessary to ascertain and apportion the surplus, the plaintiff is entitled to invoke the exercise of equitable jurisdiction. This could only be sound in principle if the plaintiff had any right to interfere in the account. The contract gives him none by its terms or intendment, and there are neither mutual accounts, complicated dealings or fiduciary relationship.

A court of law is open to the plaintiff for the recovery of any damages he may be entitled to from the defendant for breach of contract. A court of equity should not grant him an accounting, because he does not possess any right, character or equity entitling him to the relief.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

Charles P. Daly, Ch. J., concurred.

Larremore, J., dissented.

Judgment reversed and new trial ordered, with costs to abide event.